MAUERMAN v. SIEMERTS *et al., Appellants.*

1. **Negligence, when a Question of Law, when of Fact.** The question of negligence depends upon and must be determined by the circumstances of each case. The court may decide it as matter of law, when the facts are undisputed; but when the facts are disputed, or when they are undisputed but admit of different constructions and inferences, the question may properly be referred to the jury.

**Case adjudged.** In an action for the negligent wounding of plaintiff, a girl about eleven years old, it appeared that as she was passing along the sidewalk in front of a house which defendants were in the act of tearing down, a brick fell from the house and struck her on the head, inflicting the injuries complained of. The evidence also showed that defendants had placed a barrier across the sidewalk, at the end of the house which plaintiff, at the time of the accident, was approaching, which consisted of a plank fastened to the house and sloping downward to the curbstone or outer edge of the pavement, where it was nailed to a tree; that the space between the plank and pavement next to the house was from three to five feet, sufficient to allow grown persons to pass under without difficulty, by stooping slightly, and that it offered no obstacle to the passage of children of plaintiff's age. It was also shown by one witness that on the morning of the accident he was so impressed with the insufficiency of the guard that he called to defendants' workmen to put up additional guards, and warned his own children and others of the danger of using the sidewalk. It appeared on the other hand that plaintiff passed around the barrier by walking in the gutter, and then stepped back upon the sidewalk, when she was hurt; *Held*, that the trial court properly left it to the jury to say whether the accident was the result of defendants' negligence in failing to provide a sufficient barrier, or of plaintiff's negligence in disregarding the one provided.

2. **Instruction.** While it is error to give an instruction which assumes as a fact a matter in issue, the giving of such an instruction will not warrant a reversal of the cause, when the evidence is clear and conclusive as to the fact and there is no contradictory evidence.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Lay & Belch* and *A. M. Hough* for appellants.

Respondent not represented.

NORTON, J.—A reversal of the judgment in this case is sought because of alleged errors committed by the court in refusing to give an instruction asked by defendant that under the evidence plaintiff was not entitled to recover, and because the court gave improper and refused to give proper instructions.

The suit was instituted to recover damages for injuries sustained by plaintiff, and alleged to have been occasioned by the negligence of defendants while engaged in taking down a portion of a certain building known as the Sister's Hospital, and situated on the southeast corner of Fourth and Spruce streets in the city of St. Louis. The petition substantially avers that the negligence of defendants consisted in leaving the sidewalk in front of said building insufficiently guarded, and that plaintiff, a girl about eleven years old, in going to school and in passing along said sidewalk, without fault of her own, and without warning of impending danger was stricken to the earth by a brick falling on top of her head, which was precipitated from the upper portion of said building by defendants or their agents; that by reason thereof plaintiff's skull was fractured and she was permanently and for life crippled in body and mind, and disqualified from discharging duties incumbent upon her, and from earning a livelihood; that she had been damaged in the sum of $5,000. The answer is a specific denial of the matters alleged in the petition, and avers that the sidewalk was sufficiently guarded, and that if plaintiff was injured it was occasioned by her own negligence and not by fault of defendant. On the trial in the circuit court plaintiff had judgment for the sum of $3,000, from which defendants appealed to the St. Louis court of appeals, where the judgment was affirmed, from which defendants have again appealed to this court.

It is not disputed but that the evidence adduced on the trial clearly shows that the plaintiff was injured by a

1. NEGLIGENCE, WHEN A QUESTION OF LAW, WHEN OF FACT.

brick precipitated from the top of the said building while the workmen of defendants were engaged in tearing it down, whether accidentally or otherwise does not appear, nor is it disputed, but that the injuries received by plaintiff were of the serious character alleged in the petition.   The principal question brought to our attention for determination is as to the propriety of the action of the trial court in refusing to instruct the jury that under the evidence plaintiff could not recover, and whether the injury was occasioned because of the negligence of plaintiff in going on the sidewalk, or the negligence of defendants in not having sufficiently guarded the premises so as to give warning to those who might have occasion to use the sidewalk, especially to persons of the age of plaintiff, that it was dangerous to do so.

There is some conflict in the evidence in regard to the sufficiency of the barriers which were put up across the sidewalk in front of said building, to impart notice of danger in the use of it.   The evidence tended to show that the barrier put up across the sidewalk on the end or side of the building, which plaintiff, on the morning of the accident, was approaching, consisted of a plank which was fastened to the window frame of the building and sloped from the building to the curb stone or edge of the pavement, at which place it was nailed to a tree; that the space between the plank and pavement next to the building was from three to five feet, sufficient to allow grown persons to pass under without difficulty by stooping slightly, and that it offered no obstacle to the passage of children of the age of plaintiff.   It was shown by one witness that on the morning of the accident he was so impressed with the insufficiency of the guard, that he called to the workmen engaged in tearing down the building to put up additional guards, and warned his own children and others of the danger of using the sidewalk.   It would have been improper for the court, with this evidence before it, to have declared as a matter of law, that there was no proof of

negligence on the part of defendants. The question as to whether the guards put up by defendants were insufficient to prevent plaintiff from freely passing under, or to impart notice to her that there was danger in passing over the sidewalk, were questions of fact for the jury. If sufficient, defendants were not chargeable with negligence; if insufficient, they were, and the court so instructed the jury.

It is, however, insisted that defendant's demurrer to the evidence should have been sustained because it showed that the barriers erected by defendant did, as a matter of fact, warn plaintiff of the danger, and that in disregard of it she went upon the sidewalk, and in doing so was guilty of contributory negligence. It appears from the statement made by plaintiff, who was examined as a witness, that she went around the plank where it was nailed to the tree, and then went on to the pavement, when she received the injury. It does not appear either from her statement or that of any other witness, that she was induced by the barrier to walk into the gutter. That she was so induced is a mere inference which is partly, if not wholly, rebutted by the fact that she could have passed without hindrance under the barrier to the sidewalk, and with less inconvenience than by walking around the tree into the gutter. A child of the age of plaintiff, on approaching the barrier, and seeing that the space between it and the pavement was from three and a half to five feet, as sworn to by the witnesses, would most naturally conclude that it was not erected to prevent children from passing under it to the sidewalk, and their doing so would not be attended with danger. We think the court under this evidence properly refused to declare as a matter of law that the mere fact of plaintiff passing around the tree was contributory negligence on her part, and that the question was properly referred to the jury. The question of negligence depends upon, and, must be determined by the circumstances of each case, and the court may so declare as a matter of law when the facts are undisputed, but when either the facts are disputed, or

the facts undisputed admit of different constructions and inferences, the question may properly be referred to the jury. *Norton v. Ittner*, 56 Mo. 352; *Wyatt v. Citizens Railway*, 55 Mo. 485.

It is also insisted that instruction number one given on behalf of plaintiff is erroneous, because it assumes as a 2. INSTRUCTION. fact that Fourth. street where the accident occurred, was a crowded thoroughfare of the city, which fact was put in issue by the pleadings. That an instruction which assumes a fact put in issue by the pleadings is erroneous, is established by repeated decisions of this court cited by counsel. But it has also been held, that while an instruction, which assumes as true a fact in issue, is wrong, the giving of such an instruction will not warrant a reversal of the cause, when the evidence is clear and conclusive as to such fact, and there is no contradictory evidence. *Caldwell v. Stephens*, 57 Mo. 589; *Barr v. Armstrong*, 56 Mo. 577. All the evidence introduced on the trial in this case tended to show that Fourth street was a crowded thoroughfare of said city, and on this point there was no contradictory evidence, and conceding, as defendants claim, that. the instruction is erroneous in the particular complained of, adopting for our guidance the rule as laid down in the cases above noted, we do not feel warranted to reverse the judgment on that account. We think the instructions that were given presented fairly the law applicable to the case and that the judgment was for the right party. Judgment affirmed, with the concurrence of the other judges, except SHERWOOD, C. J., who dissents.