**Boyd SMITH, Plaintiff-Appellant,**

v.

**Charles MIDDLEKAUFF and S. Riekes & Sons, Inc., a Corporation, Defendants-Respondents.**

No. 48963.

Supreme Court of Missouri,

Division No. 1.

July 16, 1962.

Motion for Rehearing or to Transfer to Court en Banc Denied Sept. 10, 1962.

· N. Murry Edwards, St. Louis, and Ninian M. Edwards, Clayton, for appellant.

Evans & Dixon and Ralph C. Kleinschmidt, St. Louis, for respondent, Charles Middlekauff.

Goldenhersh, Goldenhersh, Fredericks, Newman & Lane and Frank J. Lane, Jr., St. Louis, for respondent, S. Riekes & Sons, Inc.

HOLMAN, Commissioner.

In this personal injury damage action plaintiff, a pedestrian, sought to recover the sum of $85,000 for injuries sustained when he was struck by an automobile driven by defendant Charles Middlekauff. He also joined as a defendant Middlekauff's employer, S. Riekes & Sons, Inc., and sought judgment against it under the doctrine of respondeat superior. The trial resulted in a directed verdict for Riekes and a jury verdict in favor of the other defendant. Plaintiff has appealed and here contends that the court erred (1) in giving Instruction No. 8 at the request of Middlekauff (hereinafter referred to as defendant), and (2) in directing a verdict for Riekes. Since we have concluded that the giving of Instruction No. 8 was not prejudicial error and hence that the judgment in favor of Middlekauff should be affirmed, we need not consider the second point as the employer could not be held liable where, as here, the verdict exonerated the employee-driver.

The casualty in question occurred about 10 p. m. on Goodfellow Boulevard near its intersection with Etzel in St. Louis, Missouri. Goodfellow runs north and south and Etzel east and west. On the day in question, March 29, 1960, plaintiff had been working for Louis Towns, a rubbish hauler. Towns testified that he was taking plaintiff home; that he was driving west on Etzel and made a left turn onto Goodfellow stopping in the bus stop zone on the southwest corner of the intersection; that plaintiff got out of the truck and started across Goodfellow in order to get some cigarettes at a confectionery on the east side of the street; that he, Towns, started to pull his truck out of the bus zone and heard a noise from the direction plaintiff had started; that he left the truck to investigate and found plaintiff lying face down on the middle line of Goodfellow; that he saw a side rear-view mirror in the street which he laid in defendant's car; that plaintiff was

unconscious and "I thought he was dead"; that a nurse came by and put her sweater under his head and in a short time the police ambulance came and took plaintiff to the hospital. On cross-examination this witness denied that plaintiff had drunk anything of an alcoholic nature that day.

Plaintiff testified that when he got out of the truck he walked behind it and started across the street; that when he was halfway across he saw defendant's car coming north and he stood on the white line "froze," and the car hit him; that the next thing he remembered was when he awoke in the hospital.

Defendant was called as a witness by plaintiff. He testified that he was employed by S. Riekes & Sons as a saleman; that he used his own automobile, although his employer paid for the oil and gas he used; that on the evening in question he had dinner with Mr. Finsch of Kansas City, a regional salesman for the company; that after dinner he drove Mr. Finsch to the Gatesworth Hotel and was proceeding to his apartment at the time plaintiff was injured; that he was driving north on Goodfellow and at a point approximately 125 feet from Etzel he felt an impact on the left side of his car; that he immediately applied the brakes and stopped his car in about 25 feet; that his headlights were on the low beam and he had been looking ahead, but he never saw plaintiff prior to the impact; that it was drizzling rain at the time but he could see ahead about 130 feet; that the street was about 35 feet wide and the left side of his car was two or three feet to the right of the center line; that as a result of the impact the left portion of his windshield was broken and the rear-vision mirror was torn off the left front door; that his windshield wiper was operating and his brakes and steering mechanism were in good condition; that he did not swerve his car or blow the horn. This witness was later recalled during the presentation of his evidence and stated that

his car at the time was being operated at about 15 m. p. h. and was following about 25 feet behind another northbound car; that he had no notice of plaintiff's presence on the street until he heard the "thump" of the impact.

The police officer investigating the accident testified that he examined defendant's car and did not find any damage to the front of the car; that in his examination from front to rear the first damage he found was the broken windshield.

Defendant called Dr. Robert J. McCracken, an osteopath, who testified that he came upon the scene of this casualty and tried to administer to plaintiff until the ambulance arrived; that in examining him he noted that plaintiff "literally reeked of alcohol," and in his opinion was intoxicated; that plaintiff was lying about 120 feet south of the south line of Etzel. In rebuttal plaintiff denied having drunk any alcoholic liquor on the day in question.

The evidence indicated that plaintiff was severely injured. His left leg was fractured in three places. His jaw was fractured and he sustained multiple lacerations on the left side of his face, as well as numerous other injuries which need not be detailed.

As stated, plaintiff contends that the court erred in giving Instruction No. 8 at the request of defendant Middlekauff. It reads as follows: "The court instructs the jury that the mere fact of itself that plaintiff was injured and has brought suit claiming that defendant, Charles Middlekauff, was negligent is no evidence whatever that defendant Middlekauff was in fact negligent. Negligence is not in law presumed, but must be established by proof as explained in other instructions." As we have heretofore indicated, we are of the opinion that the giving of said instruction did not constitute prejudicial error. Instructions which contained substantially

the same subject matter as the one under consideration have been held by this court not to be reversibly erroneous in Gardner v. Turk, 343 Mo. 899, 123 S.W.2d 158; Le Grand v. U-Drive-It Co., Mo.Sup., 247 S.W.2d 706; Paige v. Missouri Pac. R. Co., Mo.Sup., 323 S.W.2d 753, and Grote v. Reed, Mo.Sup., 345 S.W.2d 96.

In the Le Grand case the facts were the same as in the case at bar (plaintiff, a pedestrian, was struck by defendant's car while crossing a street) and the instruction was exactly the same as the one we are here considering. In that case we pointed out that "nothing is said in instruction 10 as to the *character* of plaintiff's injuries and there is nothing in the instruction from which the jury could conclude that the *character or nature* of plaintiff's injuries could not be considered." 247 S.W.2d l.c. 712.

Plaintiff has cited cases in which instructions containing language somewhat similar to that contained in the instruction under review have been held to be prejudicially erroneous. Those include Orris v. Chicago, R. I. & P. Ry. Co., 279 Mo. 1, 214 S.W. 124; Citizens Bank of Festus v. Missouri Natural Gas Co., Mo.Sup., 314 S.W.2d 709, 72 A.L.R.2d 855, and Rittershouse v. City of Springfield, Mo.Sup., 319 S.W.2d 518. In the Grote case, supra, we discussed the holdings in the two groups of cases heretofore cited and concluded that they were not inconsistent. Therein we said: "Whether the giving of that type of 'mere fact' instruction constitutes reversible error depends upon the nature of the submission and the facts of the particular case. We have heretofore said that 'The rulings in the Orris case and the cases following it are based upon a distinction between cases wherein the character of the injury is of itself a material link in the chain of circumstances tending to show negligence, and cases where the injury is not of such a character. * * * The rule laid down in the Orris case is followed and applied by

the courts only in that class of cases wherein the peculiar characteristics of the injury itself may be a link in the chain of circumstances tending to prove the negligence alleged in the petition.' Nicholson v. Franciscus, 328 Mo. 96, 40 S.W.2d 623, 625. The distinction between the two classes of cases is more specifically demonstrated in the Citizens Bank case, supra, as follows: 'The "no evidence whatever" submission was held not erroneous in Gardner v. Turk, 343 Mo. 899, 123 S.W.2d 158, 161, in which the submission was "that the mere fact of itself that decedent lost his life * * * is no evidence whatever that defendant was in fact negligent." As to this, we said "the fact of itself that decedent lost his life could not have thrown any light on the question of defendant's alleged negligence." A similar instruction was held not reversibly erroneous in LeGrand v. U-Drive-It Co., Mo., 247 S.W.2d 706, 711, in which the words "plaintiff was injured" were substituted for the words "decedent lost his life." Both were cases of a pedestrian struck by an automobile and nothing was withdrawn by the instructions in either which tended to make a circumstantial evidence case. There would usually be a difference in making such a statement about "injury" or "death," the ultimate result, and a fact in the chain of circumstances, like "slipping" or "fire", which is part of the causation bringing about the ultimate result of injury or damage, * * *. The "no evidence whatever" submission would certainly be wrong in withdrawning from the jury any fact that could properly be considered in a circumstantial evidence case * * *.' 314 S.W.2d l.c. 715." 345 S.W.2d l.c. 99, 100.

Plaintiff's main instruction in this case submitted the liability of defendant Middlekauff upon humanitarian negligence in failing to turn or swerve his automobile and thus have avoided striking plaintiff. It is said by plaintiff that Instruction No. 8 withdrew from the jury consideration of his injuries, which evidence would have

cast light upon the issue of defendant's alleged negligence in failing to turn or swerve. He states in his brief that "the injuries which the plaintiff suffered were a link in the chain of circumstances which tended to show that if the defendant had turned his automobile a matter of inches, he would have avoided injuring the plaintiff. * * * The injuries suffered by the plaintiff in the case at bar demonstrated to the jury that the plaintiff was struck a glancing blow by the defendant's automobile. Clearly the jury could reasonably infer from the cut to the left side of plaintiff's head and body that he was struck by the mirror that protruded about two or three inches from defendant's automobile. The fact that plaintiff's left leg was severely fractured was a fact from which the jury could infer that the left side of plaintiff's body was struck by the left side of defendant's automobile. All of these injuries tended to show the negligence of the defendant in failing to swerve just a few inches."

We do not agree that the facts of this case were such as would bring it within the rule stated in Orris and the more recent cases which have followed it. Instruction No. 8 did not withdraw from the jury the consideration of any fact which would have thrown any light on the question of defendant's alleged negligence. The jury was told that the mere fact that plaintiff was injured was no evidence that defendant was negligent. This did not preclude the jury from considering the character and nature of plaintiff's injuries in determining the issues submitted. Moreover, in this case there was no dispute about the fact that plaintiff was struck by the left side of defendant's car, and, that being true, it would necessarily follow that a slight swerve of the car by defendant would likely have caused it to avoid striking plaintiff. The contested and decisive issue was whether defendant *could have seen* plaintiff in time to have swerved and thus have avoided the casualty. The evidence as to the injuries plaintiff received would have been of no assistance to the jury in determining that issue.

As indicated, we conclude that under the facts of this case Instruction No. 8 would not have been confusing or misleading to the jury and was not prejudicially erroneous. We have not included herein a discussion of the newly announced rule concerning the use of "mere fact" instructions stated in the principal opinion in the case of Wise v. St. Louis Public Service Co., Mo., 357 S.W.2d 902, for the reason, among others, that it was specifically limited to cases tried after the publication of that opinion.

The judgment is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.