**Kathleen THOMPSON, a minor, by Patrick Thompson, her next Friend and Guardian, Appellant,**

**v.**

**C. F. VATTEROTT NORTHWEST INVEST-MENT COMPANY, a Corporation, Respondent.**

No. 49459.

Supreme Court of Missouri, Division No. 2.

May 13, 1963.

Caruthers & Montrey, Rexford H. Caruthers, John P. Montrey, St. Louis, for plaintiff-appellant.

Evans & Dixon, Ralph C. Kleinschmidt, St. Louis, for respondent.

BOHLING, Commissioner.

Kathleen Thompson, a minor, by her next friend Patrick Thompson, appeals from a judgment, entered upon a unanimous verdict, in favor of C. F. Vatterott Northwest Investment Company, a corporation, in her action for $27,500 damages for personal injuries sustained in a fall on the parking area maintained by said defendant at St. Ann's Shopping Center, 10513 St. Charles Rock Road in St. Louis County. Plaintiff contends the court erred in giving instruc-

tion No. 4, frequently referred to as a "mere fact" instruction, at the request of defendant. Defendant says the instruction was not erroneous; and also that plaintiff failed to make a submissible case against defendant.

The asphalt parking area, with four lanes marked for parking, and a sidewalk in front of the store buildings of the St. Ann's Shopping Center, lie, lengthwise in that order, north of and parallel to the St. Charles Rock Road. The Shopping Center has eight or nine store buildings, facing south along the sidewalk, the sidewalk being about seven inches above the surface of the parking lot. The Ashby Pharmacy, Inc., a corporation, known as the Rexall Drug Store, occupies one of the buildings. The Rexall Drug Store is the only store in the Shopping Center that opens on Sunday.

On Sunday, October 30, 1960, Mr. Thompson, plaintiff's father, parked his automobile, headed west, in front of the drug store and six or seven feet south of and parallel with the sidewalk. Plaintiff, just about twelve years old, was on the front seat with him. He told her to purchase a Sunday paper in the drug store. Plaintiff went in a straight line from the automobile into the drug store and purchased the paper. She returned over the same path at a fast walk, hurrying but not running, holding the newspaper up against herself, and, as she was ready to get into the automobile, she slipped on some grease, fell and fractured her right leg at the ankle. Mr. Thompson helped plaintiff, who was crying, up and into the automobile, took her home, examined her leg, thought it was broken, and then took her to a hospital. The doctor x-rayed her leg and it was in a cast from October 30 to January 10, 1961.

Plaintiff testified her right foot "slipped on some grease" and she fell. After her fall, her shoe and her sock were full of brownish black grease. She had seen the grease before she went into the drug store. Mr. Thompson testified there was a grease spot about the size of a small wash tub where plaintiff fell; that plaintiff had grease on her shoes and socks and a little grease on her dress, "just gummy grease, drippings from cars," very heavy and black.

The controverted factual issues under plaintiff's submission were whether defendant knew or in the exercise of ordinary care should have known of the unsafe condition on defendant's parking area created by the deposit of the grease or oil thereon mentioned in the evidence in time to have removed said deposit prior to plaintiff's fall; and under defendant's submission the factual issue was whether plaintiff was contributorily negligent.

Defendant's questioned "mere fact" instruction (No. 4), the only issue presented by plaintiff, reads:

"The Court instructs the jury that the mere fact of itself that plaintiff was injured and has brought suit claiming defendant was negligent is no evidence whatever that the defendant was in fact negligent. Negligence is not in law presumed, but must be established by proof as explained in other instructions. Neither are you permitted to base a verdict entirely and exclusively on mere surmise, guesswork and speculation; and if upon the whole evidence in the case, fairly considered, you are not able to make a finding that defendant was negligent without resorting to surmise, guesswork and speculation outside of and beyond the scope of the evidence, and the reasonable inferences deducible therefrom, then it is your duty to, and you must, return a verdict for the defendant."

Plaintiff relies upon Rittershouse v. City of Springfield, Mo., 319 S.W.2d 518, 520 [1, 2], as the sole precedent for establishing reversible error. In that case plaintiff sustained a chipped fracture of the navicular bone of the foot while stepping off a curb at an intersection crosswalk. There was a 1½ to 2½ inch raised place in the asphalt extending and curving across the crosswalk 2½ to 3½ inches from the curved curb.

This injury was one that was likely caused "'by bending the foot too far down,'" "'by the toe being pulled down'—the foot would 'have to go down, and in.'" The defendant's instruction "that the mere fact that the plaintiff, Mrs. Bertie E. Rittershouse, was injured by a fall upon defendant's street is no evidence of itself that defendant was negligent in keeping its streets in a reasonably safe condition * * *" was held prejudicially erroneous "because we believe the instruction entirely excluded from the jury's consideration, in determining the issue of the City's negligence, the fact that plaintiff was 'injured by a fall' upon City's street." Plaintiff stresses the paragraph in Rittershouse at l. c. 520 and 521 of 319 S.W. 2d. The observations therein appear to have been made arguendo, unnecessary to a decision based on the facts established by that record, and are considered not controlling.

In Wise v. St. Louis Public Service Co., Banc, Mo., 357 S.W.2d 902, 905 [4], a res ipsa loquitur case, we reversed a plaintiff's judgment because the court had refused defendant's burden of proof instruction which carried the following "mere fact" direction: "You should not find that the defendant was negligent from the mere fact of the occurrence shown by the plaintiff's evidence * * *." The instruction was said not to be a misstatement of the law when considered in its entirety, but we held it should not be given upon a retrial, stating "We have decided, in the interest of the proper administration of justice, to eliminate such instructions from our practice." We also stated that said holding "shall not affect cases tried prior to" the date of the publication of the opinion.

Goldblatt v. St. Louis Public Service Co., Mo., 351 S.W.2d 773, tried as a res ipsa loquitur case, affirmed a defendant's judgment and held a "mere fact" instruction reading, in pertinent part, "You should not find that the defendant was negligent from the mere fact of the occurrence shown by the plaintiff's evidence * * *" to not constitute reversible error.

From the fact that the Goldblatt case recognized, in discussing cases involving like instructions, the holding in the Rittershouse case and the further fact that the Wise case considered and eliminated instructions on this issue approved in the Goldblatt and other cases, plaintiff contends the Rittershouse case controls this appeal.

The ruling in the Wise case, which operates prospectively only, was handed down subsequent to the trial of this case. The instruction involved is a cautionary instruction, the giving or refusal of which has been held largely within the discretion of trial courts. Gladden v. Missouri Public Service Co., Mo., 277 S.W.2d 510, 517 [5]; Le Grand v. U-Drive-It Co., Mo., 247 S.W. 2d 706, 712. In Rittershouse the trial court had sustained plaintiff's motion for new trial for, among other reasons, the giving of defendant's "mere fact" instruction; but in the case under review the trial court overruled plaintiff's attack against the instruction. See cases last cited. Rittershouse is also distinguishable from this case on the language employed and the facts involved.

The factual situation submitted in the Rittershouse instruction was "the mere fact that the plaintiff * * * was injured by a fall upon defendant's street" was no evidence that defendant was negligent. In addition, as we read the Rittershouse opinion, the chipped fracture of plaintiff's navicular bone, a fracture likely caused "by the toe being pulled down," had some bearing on how plaintiff came to fall; that is, plaintiff's fall being caused by her toe catching on and being pulled down by the raised asphalt. The medical testimony has been omitted from the record before us by agreement of counsel "at the request of plaintiff." The instruction under review makes no reference to plaintiff's fall as did the Rittershouse instruction; or, for instance, "the mere fact of itself that plaintiff slipped" (Dill v. Dallas County Farmers' Exchange, Mo., 267 S.W.2d 677 [1]).

In cases previously disapproving the instruction we have considered the mere fact clause embraced a fact the jury could find constituted a causative link leading to the ultimate result for which damages were being sought. Nicholson v. Franciscus, 328 Mo. 96, 40 S.W.2d 623, 625. The Rittershouse instruction emphasized a fact in the chain of circumstances from which plaintiff's injury resulted. The instruction now before us relates to the ultimate result, the injury, and not a part of the causation bringing about that result.

This defendant's "mere fact" instruction follows verbatim an approved instruction in Grote v. Reed, Mo., 345 S.W.2d 96, 99; and is substantially similar to instructions approved in Le Grand v. U-Drive-It Co., Mo., 247 S.W.2d 706, 711 [8]; Paige v. Missouri Pac. Rd. Co., Mo., 323 S.W.2d 753, 759 [9]; Smith v. Middlekauff, Mo., 359 S.W.2d 755, 757 [2]. See also the instructions approved in Goldblatt v. St. Louis Public Service Co., Mo., 351 S.W.2d 773, and Gardner v. Turk, 343 Mo. 899, 123 S.W. 2d 158, 161(I).

This instruction, limited to "the mere fact of itself that plaintiff was injured," as we read the Smith, Paige and Le Grand cases, supra, forms no basis for a conclusion by the jury that the character and nature of plaintiff's injuries could not be considered in determining the submitted issues. This subject is reviewed in Grote v. Reed, supra, a material portion of which is quoted in Smith v. Middlekauff, supra, a case tried prior but ruled here subsequent to Wise v. St. Louis Public Service Co., supra.

 Inasmuch as defendant's instruction No. 4 was not erroneous as a matter of law; and it has not been demonstrated upon this record that the instruction deprived plaintiff of a fair trial; and the trial court, in overruling plaintiff's motion for new trial, was of opinion the instruction was not prejudicial to plaintiff, and the situation is not subject to the prospective policy announced in Wise v. St. Louis Public Service Co., supra, this judgment should be affirmed.

It is so ordered.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All of the Judges concur.