## DILL

v.

## DALLAS COUNTY FARMERS' EXCHANGE NO. 177.

No. 43713.

Supreme Court of Missouri.

Division No. 1.

May 10, 1954.

Pufhal & Collins, Bolivar, Ralph B. Nevins, Hermitage, Hudson, Whitcraft & Cavanaugh, Kansas City, Theodore Beezley, Springfield, for appellant.

Theo. G. Scott, Buffalo, for respondent.

VAN OSDOL, Commissioner.

Action for $25,000 for personal injuries alleged by plaintiff to have been sustained by her when she fell on the floor of defendant's store. A jury returned a verdict for defendant, and plaintiff has appealed from the judgment rendered.

Plaintiff-appellant complains herein that the trial court erred in instructing the jury, in the admission and exclusion of evidence, and in permitting defendant's counsel to argue to the jury upon matters collateral to the issues.

Plaintiff had pleaded, and the trial court in effect submitted in plaintiff's principal

verdict-directing Instruction No. 1, that defendant, proprietor of a store, had negligently failed to keep its premises where plaintiff fell in a reasonably safe condition for use of plaintiff, a business invitee, in that defendant negligently permitted feed and grain to accumulate and remain on the floor of the premises, thereby rendering the floor dangerous and unsafe, and that the dangerous condition had existed for a sufficient period of time before plaintiff was injured that defendant, by the exercise of ordinary care, could and should have known of and remedied the condition or warned plaintiff of the danger.

Defendant's store, fronting westwardly on the east side of the square at Buffalo, has a loading dock at the rear (east) end of the building. Customers frequently enter the rear door at the loading dock and pass through the store to defendant's office situate in the northwest corner of the building. In moving from the door at the rear to the office, customers pass through a passageway between tiers or stacks of bagged feed and grain customarily kept stored there ready for sale to patrons.

Plaintiff, on the day she was injured, went with others to defendant's store. She entered by way of the rear door. Plaintiff testified, "Well, we were walking along (at a moderate pace), I imagine it was fifteen or twenty feet from the office door, and I felt something rolling, sliding, under my feet, and both my feet went out from underneath me, and I don't remember after that." She could feel something on the floor there, "because I could feel the roll. * * * I felt my feet rolling on something. * * * I don't know what it was." After plaintiff fell, corn chops were on her coat and in her hair. Plaintiff's brother-in-law testified he had been in the store about two hours before plaintiff fell, and another witness said he had been in the store the day before. Both had observed grain or egg pellets at the place on the floor where plaintiff later fell. The pellets were more or less gray, and were about the size of the eraser on a pencil. They were about the same color as the floor of defendant's store.

Over plaintiff's objection, defendant was permitted to show that it is "mostly the custom" of feed stores to stack sacks of grain as was done in defendant's store. Dust sifted through the sacks once in a while. The defendant's floor was swept up each evening. Between times the floor was not swept unless there was an excessive amount of feed on the floor. Nobody had ever theretofore slipped in defendant's store because of feed being on the floor.

At defendant's request the trial court gave Instructions Nos. 4, 5 and 6, as follows,

"(No. 4) The Court instructs the jury that the mere fact of itself that plaintiff slipped on floor and has brought suit claiming defendant was negligent is no evidence whatever that defendant in fact was negligent.

"Negligence is not in law presumed, but must be established by proof as explained in other instructions.

"Neither are you permitted to base a verdict entirely and exclusively on mere surmise, guesswork and speculation; and if upon the whole evidence in the case, fairly considered, you are not able to make a finding that defendant, Dallas County Farmers' Exchange, is liable without resorting to surmise, guesswork and speculation outside of and beyond the scope of the evidence, and the reasonable inference deductible therefrom, then it is your duty to and you must return a verdict for defendant, Dallas County Farmers' Exchange."

"(No. 5) The jury are instructed that ordinary care, effort and diligence, as the terms are used in these instructions, mean such care, effort and diligence as a person of ordinary sense or prudence engaged in the same business or similar business might reasonably be expected to use under the same or similar circumstances.

"You are further instructed that, if you believe and find from the evidence that the injuries to plaintiff, if any

you find, was caused by an accident, mischance, or misfortune, and not due to any negligence on the part of either the plaintiff or defendant contributing thereto, then the plaintiff is not entitled to recover, and your verdict must be in favor of the defendant."

"(No. 6) The Court instructs the jury that in law one is liable for such consequences of his act as a reasonably prudent man may reasonably anticipate as likely to flow from his acts, and is not responsible for unforeseen and unexpected consequences a reasonably prudent person would not anticipate. Therefore, unless you find and believe from the evidence that the defendant, in the exercise of reasonable care, as the term is in these instructions defined, had reasonable grounds to anticipate that the acts complained of by plaintiff would reasonably and probably flow from and be the result of such failure to exercise ordinary care, then your verdict must be for the defendant."

■ Instruction No. 4 isolated "the mere fact of itself that plaintiff slipped" and advised that the fact is no evidence whatever that defendant was negligent. This manner of singling out the fact that plaintiff fell had a tendency to confuse. The ultimate question was defendant's negligence in having feed on its floor resulting in plaintiff's injury. The jury may not have readily differentiated between the issues of negligence and the result of negligence, if so. The fact that plaintiff fell was a fact which the plaintiff was entitled to have the jury consider in conjunction with other facts shown in evidence in passing on the ultimate question of liability. Compare Zesch v. Abrasive Co. of Philadelphia, 353 Mo. 558, 183 S.W.2d 140, 156 A.L.R. 469. Otherwise, the instruction is like Instruction No. 5 given at a defendant's request in West v. St. Louis Public Service Co., 361 Mo. 740, 236 S.W.2d 308. See also Gardner v. Turk, 343 Mo. 899, 123 S.W.2d 158. In the West case, this court specifically said the giving of an instruction (No. 5), like the second and third paragraphs of Instruction No. 4 given in this case, was not to be commended, in its form or its use, in a case which is based, in whole or in part, upon circumstantial evidence. Although a verdict-directing instruction, Instruction No. 5, given in the West case, when read and considered in conjunction with other instructions given in that case, was not thought to have been misleading or confusing. It is true that the giving or refusing of cautionary instructions is largely within the discretion of the trial court. But, mere abstract statements of law do not make proper verdict-directing instructions. It is noticed that defendant's Instructions Nos. 4, 5 and 6 were all three verdict-directing instructions.

■ A rule to be safely followed is that instructions authorizing a verdict (for plaintiff or for defendant on an affirmative defense) must require the finding of all essential fact issues necessary to establish the legal proposition upon which the right to it is based. Stanich v. Western Union Tel. Co., 348 Mo. 188, 153 S.W.2d 54. And, of course, the converse of a controverted fact essential to plaintiff's recovery, or facts supported by evidence tending to disprove one or more of the essential factual elements of plaintiff's case, may be submitted and a verdict for defendant authorized upon the finding for defendant on such submitted factual issues. Schipper v. Brashear Truck Co., Mo.Sup., 132 S.W.2d 993, 125 A.L.R. 674; Stanich v. Western Union Tel. Co., supra; Janssens v. Thompson, 360 Mo. 351, 228 S.W.2d 743; Silver v. Westlake, Mo.Sup., 248 S.W.2d 628.

■ The first paragraph of Instruction No. 5, in an attempt to define "ordinary care," injected confusion by stating the term meant the care, effort and diligence of a person of ordinary sense or prudence engaged in the same or similar businesses. If defendant was negligent because of the presence of loose grain on the floor of its store, defendant was not absolved from liability because others engaged in similar enterprises were habitually so negligent. State ex rel. Elliott's Department Store Co. v. Haid, 330 Mo. 959, 51 S.W.2d 1015.

And there was, moreover, no evidence that others engaged in similar enterprises customarily had loose feed on floors used by business invitees. The Instruction No. 5 was furthermore misleading, and prejudicially erroneous in this case in submitting the issue that plaintiff's injuries were caused by "accident." Although plaintiff did not see the grain or pellets on the floor, the evidence tended to show the grain or pellets caused her fall; and there was no evidence introduced tending to show the occurrence of plaintiff's fall was due to some unknown cause or some known cause without human agency or without human fault. Where the issue, as here, is that one is or is not negligent, the case does not justify a so-called "accident" instruction merely because a jury might find a defendant was innocent of negligence. Hogan v. Kansas City Public Service Co., 322 Mo. 1103, 19 S.W.2d 707, 65 A.L.R. 129, and cases therein cited; Wright v. Quattrochi, 330 Mo. 173, 49 S.W.2d 3; Mitchell v. Dyer, Mo.Sup., 57 S.W.2d 1082; Brewer v. Silverstein, Mo.Sup., 64 S.W.2d 289; Phillips v. Vrooman, 361 Mo. 1098, 238 S.W.2d 355. It has been said that when the cause of a casualty is known it is better to instruct the jury on the specific issues of fact presented, and so the practice has grown up under our case law of limiting the giving of accident instructions to instances in which there is evidence tending to show the cause is unknown, on the theory that the contrary and more abstract course would confuse the jury. Hogan v. Kansas City Public Service Co., supra; Phillips v. Vrooman, supra.

Instruction No. 6 is the same as Instruction (N) which the reviewing court held should have been given in Davis v. Springfield Hospital, Mo.App., 196 S.W. 104. However, whether considered as an instruction treating with actionable negligence or as an instruction treating with proximate causation, the instruction is involved and abstract, and it is doubtful the instruction would aid a jury in arriving at a correct verdict upon the essential issues of the case. An imperfection also appears by the use of the language in the last sentence, "that the acts complained of by plaintiff." It would seem the language "that the injury complained of by plaintiff" was intended.

We bear in mind the real issue was whether defendant was negligent in failing to exercise ordinary care in keeping its floor reasonably safe for its business invitees, including plaintiff. The evidence that proprietors of other feed stores stacked bagged grain or feed on the floors of their stores was not relevant. Plaintiff admittedly did not fall over a bag of feed, nor because the bags of grain or pellets were stored on the floor. She allegedly fell because of the presence of loose grain or pellets on the floor. This was the alleged unsafe condition on which she relied. Likewise, it would seem testimony that no other invitee had ever fallen in defendant's store would tend to confuse the issues and would not reasonably tend to show the floor was not reasonably safe when plaintiff fell. Johnson v. Kansas City Public Service Co., 360 Mo. 429, 228 S.W.2d 796.

Depositions of a physician and a hospital librarian, and X-rays purportedly taken with the purpose of demonstrating plaintiff's injury, were excluded by the trial court when offered by plaintiff. It seems it could not be shown that the depositions, with the exhibits, were enclosed, sealed up, and directed to the court in which this action was pending as required by Section 492.360 RSMo 1949, V.A.M.S. We do not ignore the mandatory language of the statute, but we, of course, are aware of the frequent waiver of many requirements relating to the taking of depositions and the handling and forwarding of depositions and exhibits. Often these matters are the subjects of agreements of counsel. The obvious purpose of the statute, § 492.360, supra, is to authenticate and to protect the verity of the depositions as they were taken. In this case defendant's counsel announced he was "not going into the authenticity" of the depositions. No doubt prior to any retrial of this cause, the trial court may wish to arrange a pretrial conference wherein the authenticity of the depositions, includ-

ing the testimony and the exhibits, may be verified and the depositions and exhibits filed to the trial court's and counsel's satisfaction.

The kinds of convictions which may or may not be proved as affecting the credibility of a witness under the provisions of Section 491.050 RSMo 1949, V.A.M.S., are examined in State v. Bagby, 338 Mo. 951, 93 S.W.2d 241; Daggs v. St. Louis-San Francisco R. Co., Mo.App., 51 S.W.2d 164; and Hoffman v. Graber, Mo.App., 153 S.W. 2d 817. Contentions of error in permitting inquiries concerning former convictions of plaintiff and of one of her witnesses; in the examination of plaintiff as to her use of intoxicants; and in permitting objectionable argument of defendant's counsel, may be examined by counsel, and errors, if any in such respects, may be avoided upon retrial.

The judgment for defendant should be reversed and the cause remanded.

It is so ordered.

LOZIER and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the Court.

All of the Judges concur.