Myra GROTE, Plaintiff-Appellant,

v.

Wafe B. REED, Defendant-Respondent.

No. 48307.

Supreme Court of Missouri,

Division No. 1.

March 13, 1961.

Motion for Rehearing or to Transfer to Court en Banc Denied April 10, 1961.

Powell & Jones, Dexter, for appellant.

Hyde & Purcell, Poplar Bluff, for respondent.

HOLMAN, Commissioner.

In this action plaintiff sought to recover the sum of $25,000 for personal injuries sustained in the manner hereinafter described. A trial resulted in a verdict for defendant. Plaintiff has duly appealed and here contends that the trial court erred in giving Instructions D-1 and D-4 offered by defendant.

In the late afternoon of May 29, 1958, plaintiff, her husband and their three children left their home in Granite City, Illinois enroute to Vinita, Oklahoma. They were riding in a 1957 Chevrolet owned by plaintiff's husband. The casualty in question occurred shortly before midnight on Highway 60 at a point about three miles west of Dexter, Missouri. Plaintiff and her husband were riding in the rear seat of the car and the three children were in the front seat. Laverna (23 years of age at trial time) was driving the car westwardly at a speed of from 55 to 60 m. p. h. At that time defendant was driving his tractor-trailer truck eastwardly on Highway 60. At the instant the front end of the Chevrolet met the front of the truck a large metal box which had been fastened to the right underneath side of the trailer fell from the trailer into the path of the Chevrolet. Laverna saw the sparks fly when the box struck the pavement but did not have time to apply her brakes. One or perhaps both of the front wheels of the Grote car ran over the box in such a manner that the front of the car rested upon the box and the front wheels were suspended in the air. In that situation Laverna could not guide the car and it slid across the highway and came to rest in the ditch on the south side of the road with the front of the car still resting upon the box.

When defendant arrived at Dexter he stopped at a cafe and at that time discovered that he had lost the box in question. In the meantime another motorist had brought Mr. Grote to Dexter and he located the truck and advised defendant as to the occurrence heretofore described.

The box involved in the occurrence was made of medium-weight metal which was about $\frac{1}{16}$ inch thick. It was approximately six or eight feet long, two and one half feet wide, and two feet high. It was used by defendant to carry wooden slats with which he could convert his trailer into a van so that he could haul feed or fertilizer. About half the slats were in the box at the time it was struck by the Grote car. The box was held in place underneath the floor of the trailer by six metal rods which were about $\frac{3}{4}$ inch

in diameter. It rested on two horizontal rods which were held in place by four vertical rods (two on each side) that were welded to the frame on their upper end with nuts on the bottom end which were tightened against the horizontal rods in order to hold the box against the bottom of the trailer. After the instant occurrence it was discovered that one of the rods had broken.

Shortly after the casualty the members of the Grote family were taken to a motel in Dexter where they spent the night. Plaintiff was suffering from a headache and pain in her arm and shoulder. (When the collision occurred she had been thrown forward and down into the area between the front seat and back seat.) Dr. Dickerson was called and she was given a "hypo" and some pain tablets. Plaintiff received treatment from various physicians almost continuously from that time until the time of trial although she had been able to work during much of that time. Her injuries were diagnosed as a whiplash-type injury to her neck and low back sprain.

Plaintiff pleaded general negligence and her case was submitted to the jury upon the res ipsa loquitur doctrine.

Plaintiff contends that Instruction D–1 is erroneous in a number of respects. The instruction reads as follows: "The court instructs the jury that the mere fact of itself that plaintiff was injured and has brought suit claiming defendant was negligent is no evidence whatever that the defendant was in fact negligent. Negligence is not in law presumed, but must be established by proof as explained in other instructions. Neither are you permitted to base a verdict entirely and exclusively on mere surmise, guesswork and speculation; and if upon the whole evidence in the case, fairly considered, you are not able to make a finding that defendant was negligent without resorting to surmise, guesswork and speculation outside of and beyond the scope of the evidence, and the reasonable inferences deductible therefrom, then it is your duty to, and you must, return a verdict for the defendant."

The first contention relates to the first sentence or "mere fact" portion of the instruction. We have held instructions containing the same or similar language to be prejudicially erroneous in the following cases: Rittershouse v. City of Springfield, Mo.Sup., 319 S.W.2d 518; Citizens Bank of Festus v. Missouri Natural Gas Co., Mo.Sup., 314 S.W.2d 709, 72 A.L.R.2d 855; Dill v. Dallas County Farmers' Exchange No. 177, Mo.Sup., 267 S.W.2d 677, and Orris v. Chicago, R. I. & P. Ry. Co., 279 Mo. 1, 214 S.W. 124. On the other hand, we have held that similar "mere fact" instructions were not prejudicially erroneous in the cases of Gardner v. Turk, 343 Mo. 899, 123 S.W.2d 158 (although there attacked upon a different ground), LeGrand v. U-Drive-It Co., Mo.Sup., 247 S.W.2d 706, and Paige v. Missouri Pacific R. Co., Mo.Sup., 323 S.W.2d 753.

■ Our holdings in the two groups of cases cited in the preceding paragraph are not inconsistent. Whether the giving of that type of "mere fact" instruction constitutes reversible error depends upon the nature of the submission and the facts of the particular case. We have heretofore said that "The rulings in the Orris case and the cases following it are based upon a distinction between cases wherein the character of the injury is of itself a material link in the chain of circumstances tending to show negligence, and cases where the injury is not of such a character. * * * The rule laid down in the Orris case is followed and applied by the courts only in that class of cases wherein the peculiar characteristics of the injury itself may be a link in the chain of circumstances tending to prove the negligence alleged in the petition." Nicholson v. Franciscus, 328 Mo. 96, 40 S.W.2d 623, 625. The distinction between the two classes of cases is more specifically demonstrated in the Citizens Bank case, supra,

as follows: "The 'no evidence whatever' submission was held not erroneous in Gardner v. Turk, 343 Mo. 899, 123 S.W.2d 158, 161, in which the submission was 'that the mere fact of itself that decedent lost his life * * * is no evidence whatever that defendant was in fact negligent.' As to this, we said 'the fact of itself that decedent lost his life could not have thrown any light on the question of defendant's alleged negligence.' A similar instruction was held not reversibly erroneous in LeGrand v. U-Drive-It Co., Mo., 247 S.W.2d 706, 711, in which the words 'plaintiff was injured' were substituted for the words 'decedent lost his life.' Both were cases of a pedestrian struck by an automobile and nothing was withdrawn by the instructions in either which tended to make a circumstantial evidence case. There would usually be a difference in making such a statement about 'injury' or 'death,' the ultimate result, and a fact in the chain of circumstances, like 'slipping' or 'fire', which is part of the causation bringing about the ultimate result of injury or damage, * * * The 'no evidence whatever' submission would certainly be wrong in withdrawing from the jury any fact that could properly be considered in a circumstantial evidence case * * *." 314 S.W.2d loc. cit. 715.

In LeGrand, supra, the "mere fact" submission was exactly the same as the one in the case at bar. In that case it is pointed out that the instruction "merely tells the jury that 'the *mere fact* * * * *of itself* that plaintiff was injured * * is no evidence whatever that the defendants were in fact negligent.' Nothing is said in instruction 10 as to the *character* of plaintiff's injuries and there is nothing in the instruction from which the jury could conclude that the *character or nature* of plaintiff's injuries could not be considered." 247 S.W.2d loc. cit. 712. See also the discussion in Paige v. Missouri Pacific R. Co., supra, which clearly explains the distinctions between the two lines of cases heretofore cited.

Plaintiff's contention that the "mere fact" portion of the instruction was prejudicial cannot be sustained unless it withdrew from the consideration of the jury a fact which would have been some evidence that defendant was negligent. There was no controversy concerning the size or structural design of the box. There was no evidence as to its weight although defendant testified that it contained half of the slats. Plaintiff's theory concerning the fact withdrawn from the jury is stated in her brief as follows: "The character of the injury and the extent of injury are all facts and circumstances necessary to be considered in determining some evidence of the violence of the impact which threw her into the floor of the automobile. The amount of impact indicates—is some evidence of—the weight of defendant's box which the automobile collided with. The weight of the box is a circumstance the jury should have considered in determining the issue of defendant's negligence, that is, whether he exercised the requisite degree of care in the operation and maintenance of his tractor-trailer rig to prevent equipment (including the metal box of considerable weight) from falling therefrom in such manner as to cause injury and damage to others on the highways."

We do not think plaintiff's contention is sound. In the first place, under the authority of the LeGrand case, supra, the jury was not barred from considering the character or nature of plaintiff's injuries but was precluded from considering the mere fact of itself that she had been injured as evidence of negligence. Secondly, it would appear that the weight of the box would not have had any substantial effect upon the extent or character of plaintiff's injuries. If the box had been constructed of such light weight material that it would have collapsed when struck by the wheels of the car plaintiff likely would not have been injured. The cause of her injuries was not the total weight of the box but the fact that it was admittedly

constructed of material which was strong enough to support the weight of the car. That fact undoubtedly caused a jolt when the wheels struck the box and thereafter precluded the driver from controlling the movements of the car. Therefore, we are of the opinion that the extent of plaintiff's injuries would not tend to support an inference as to the total weight of the box and, in turn, would not cast any light upon the question as to whether defendant exercised proper care in securing the box to the bottom of the trailer.

■ The next contention of plaintiff is that the "mere fact" part of Instruction D–1 was erroneous because it conflicted with plaintiff's main instruction which required the jury to find "that plaintiff was thereby injured." Of course, the fact that plaintiff was injured is an essential element (in this type of case) of a finding for plaintiff. Instruction D–1 did not prohibit the jury from finding that plaintiff was injured. It merely told the jury that the mere fact *of itself* that plaintiff was injured was no evidence of defendant's negligence. We find no prejudicial error in the respect here considered.

■ Plaintiff also says that the instruction we are considering was erroneous because it was a verdict-directing instruction which did not hypothesize any facts. It is true, as a general rule, that instructions directing a verdict are required to hypothesize the essential facts which must be found in order to authorize such a verdict. Stanich v. Western Union Tel. Co., 348 Mo. 188, 153 S.W.2d 54. However, it is elementary that burden of proof instructions and certain other cautionary instructions (such as Instruction D–1) which relate to matters concerning the proof are not required to hypothesize facts even though they direct a verdict. An attempt to hypothesize facts in that type of instruction would frequently be cumbersome and often confusing to the jury. We accordingly rule that the instruction in question was not erroneous because it failed to contain a factual hypothesization.

■ Various contentions of error are presented by plaintiff in regard to the remainder of the instruction following the first sentence. Before considering the specific contentions we note that instructions containing exactly the same language have been held not to be reversibly erroneous in West v. St. Louis Public Service Co., 361 Mo. 740, 236 S.W.2d 308; Stephens v. St. Louis Public Service Co., Mo.Sup., 276 S.W.2d 138; Paige v. Missouri Pacific R. Co., supra; Gardner v. Turk, supra, and LeGrand v. U-Drive-It Co., supra.

Specific complaint is made concerning the sentence which reads, "Negligence is not in law presumed, but must be established by proof as explained in other instructions." That is said to be erroneous because in a res ipsa case the jury is permitted to infer (presume) negligence from the facts in evidence. This precise contention was considered in the West case, supra. Therein this court concluded that when the instruction is considered in its entirety it is not "reasonably susceptible of the meaning that the jury was not entitled to presume (infer) negligence from the *facts in evidence* or that the jury was not permitted to surmise or speculate upon the *facts in evidence* in the process of drawing reasonable inferences therefrom." 236 S.W.2d loc. cit. 312. Upon the authority of West and cases following it we rule this contention adversely to plaintiff.

■ Plaintiff also contends that "the use of the phrase 'established by proof' is misleading and confusing in a res ipsa loquitur case where no specific negligence is charged and it places too great a burden on plaintiff." While the use of the word "establish" in instructions relating to proof has been criticized (Johnson v. St. Louis Public Service Co., 361 Mo. 844, 237 S.W. 2d 136) we do not think its use in this

instance constituted prejudicial error. "Establish" has been defined as "to prove and cause to be accepted as true." Webster's New International Dictionary, Second Edition. When so considered the word as used in this instruction did no more than require plaintiff to prove negligence. It is proper to state that requirement even in a res ipsa case. The contention is overruled.

▮ It is also said that "the phrase 'as explained in other instructions' was misleading and confusing, as there were no other instructions explaining the burden of proof given by either party in this case." We do not agree. We think the phrase complained of would reasonably be considered by the jury as referring to plaintiff's main instruction. In that instruction certain facts are hypothesized and the jury is told that if it finds those facts "then you are instructed that such facts (if you believe them to be true) are sufficient circumstantial evidence to warrant a finding by you that the defendant was negligent." That instruction certainly explained the facts plaintiff was required to prove and the manner in which she could prove defendant's negligence. As indicated, we rule that the jury would not have been confused or misled by the phrase in question.

▮ Plaintiff also complains of the remainder of the instruction wherein the jury is told that it is not "permitted to base a verdict entirely and exclusively on mere surmise, guesswork and speculation; and if upon the whole evidence in the case, fairly considered, you are not able to make a finding that defendant was negligent without resorting to surmise, guesswork and speculation outside of and beyond the scope of the evidence, and the reasonable inferences deductible therefrom, then it is your duty to, and you must, return a verdict for the defendant." It is contended that such an instruction is prejudicial in a res ipsa case where the jury is permitted to speculate, in one sense

of the word, in determining the issue of defendant's negligence. It is also said that this portion of the instruction emphasized the preceding improper direction that the jury could not presume (infer) negligence. Substantially the same contention was ruled adversely to the plaintiff in the West case, supra. Upon the authority of that case and others following it the contention herein is overruled.

▮ While, as stated, we do not consider Instruction D–1 to be prejudicially erroneous under the facts of this case we do not recommend it for future use, particularly in res ipsa loquitur or other circumstantial evidence cases. In discussing a "mere fact" instruction similar to the first sentence of the instant instruction we recently said, "This kind of instruction has often resulted in reversals of judgments and is of a dangerous variety at best." Myers v. Buchanan, Mo.Sup., 333 S.W.2d 18, 25. Also, in cases based upon circumstantial evidence we consider it the better practice not to give an instruction containing the statement that "negligence is not in law presumed."

▮ The final point briefed relates to alleged error in giving Instruction D–4 which reads as follows: "The court instructs the jury that 'negligence, negligently and negligent' as used in these instructions with reference to the defendant means the failure, if any, to use the highest degree of care. 'Highest degree of care' as used in these instructions means the highest practicable degree of care which a very careful and prudent person would use under the same or similar facts and circumstances as shown in the evidence. 'Ordinary care' as used in these instructions with reference to the plaintiff means such care as an ordinarily prudent person would use in the same or similar circumstances."

It is plaintiff's contention that the instruction was misleading and prejudicially erroneous because it defined "ordinary

care" when that phrase was not used in any other instruction. Defendant pleaded contributory negligence on the part of plaintiff but that issue was not submitted in the instructions and hence was abandoned. We agree that Instruction D-4 was technically erroneous in defining "ordinary care" when that phrase did not appear in any other instruction and did not relate to any issue in the case, but we do not think the error was prejudicial. The fact that "ordinary care" was defined in the instruction would not have prejudiced plaintiff unless the jury, in some manner, would have understood that defendant was only required to use "ordinary care" instead of the "highest degree of care" under the circumstances shown in evidence. Plaintiff's main instruction required a finding of all elements essential to a verdict for her. In that instruction the jury was told that it was defendant's "duty to exercise the highest degree of care to keep, repair, operate, maintain and control his said tractor-trailer rig so that the same should not cause or produce injury to persons or property." Instruction D-4 defined the "highest degree of care" and also told the jury that negligence as used in the instructions "with reference to the defendant means the failure, if any, to use the highest degree of care." In that situation we do not believe that the jury reasonably could have concluded that "ordinary care" was the standard of care applicable to defendant. Under the circumstances the jury reasonably would have considered that the unnecessary inclusion of the definition of "ordinary care" in the instruction was the result of inadvertence.

The judgment is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.