**Rachel GOLDBLATT, Appellant,**

v.

**ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, Respondent.**

No. 48166.

Supreme Court of Missouri,

Division No. 2.

Dec. 11, 1961.

James C. Jennings, Samuel A. Goldblatt, St. Louis, for plaintiff-appellant.

James Ruddy, St. Louis, for respondent.

BARRETT, Commissioner.

In this action by Mrs. Goldblatt to recover damages for injuries sustained when she was a passenger on a bus a jury returned a verdict in favor of the defendant. The trial court overruled her motion for a new trial and she has appealed. Mrs. Goldblatt submitted her case upon the assumption that res ipsa loquitur was applicable; in so far as material here, "that at said time and place said streetcar did then and there jerk and jolt in a sudden, unusual and violent manner, and plaintiff was thereby caused to sustain injury and damage, * * * then you are instructed that such facts * * * are sufficient circumstantial evidence to warrant a finding by you that the defendant was negligent and you may so find, unless you find and believe from other facts and circumstances in evidence that the *occurrence* was not due to the defendant's negligence, * * *." Against this submission the defendant offered and the court gave, among other instructions, instruction 6, the first sentence of which informed the jury that the burden of proof was upon the plaintiff. The second sentence was this:

"You should not find that the defendant was negligent *from the mere fact of the occurrence* shown by the plaintiff's evidence, if you find and believe from all the evidence in the case

that the defendant was not negligent, and if you do find and believe from all the evidence in the case that the defendant was not negligent, then your verdict should be in favor of the defendant."

The only question briefed and argued is that the second sentence in instruction 6 is manifestly erroneous and that therefore this court should grant plaintiff a new trial.

The objections of course are all directed to the phrase *"from the mere fact of the occurrence* shown by the plaintiff's evidence." It is said that the instruction was confusing, misleading and contradictory in that it excluded from the jury's consideration (a) "the facts of the occurrence mentioned in the plaintiff's evidence," (b) the injuries plaintiff sustained, and (c) any "facts, actions, omissions or circumstances that may have caused the streetcar to jerk and jolt and injure plaintiff." And finally, in all these connections, it is pointed out that the court has criticized and sometimes condemned "mere fact" instructions in cases dependent on proof by circumstantial evidence (Citizens Bank of Festus v. Missouri Natural Gas Co., Mo., 314 S.W.2d 709, 714–715, 72 A.L.R.2d 855), or, "particularly in res ipsa loquitur or other circumstantial evidence cases." Grote v. Reed, (Mo.) 345 S.W.2d 96, 102.

Despite protestations to the contrary and the nicety of some of the distinctions, it is most likely, as a matter of rationale, that the "mere fact" cases are in irreconcilable conflict. Nevertheless, this case can be made to fit the framework of the pronouncements and it is not necessary to rationalize or examine the underlying principles. In the first place, the plaintiff's principal instruction and instruction 6 are admittedly rescripts of the suggested instructions in Harke v. Haase, 335 Mo. 1104, 75 S.W.2d 1001, a res ipsa loquitur case. And although not mentioned in the cases criticizing the "mere fact of the occurrence" instructions, Harke v. Haase has not been

overruled. And, the author of Citizens Bank of Festus v. Missouri Natural Gas Co., supra, was certainly not unmindful of Harke v. Haase. In the second place, in this case the plaintiff's motion for a new trial has been overruled and the problem here is not whether the trial court was justified in granting a new trial (Jones v. Kansas City, (Mo.) 243 S.W.2d 318, 321), the question is whether the giving of the instruction is reversible error and demands the granting of a new trial by this court.

Unlike Citizens Bank of Festus v. Missouri Natural Gas Co., this case is not dependent on circumstantial evidence in its conventional sense, whatever Mrs. Goldblatt may have pleaded or submitted, she did not in fact rely on the proof of other events and circumstances to establish the fact in issue, the defendant's negligence. She and her witnesses testified that the streetcar operator did not stop at the regular stop, instead he slackened the speed of the streetcar and "while slowing made that quick, that fast turn"—one of the witnesses said that it was an "abnormal" turn, "enough to shake anybody." Mrs. Goldblatt said that the streetcar did not stop at the usual place, a friend pulled the cord and she said, "I started to walk toward the front of the streetcar, and as I was walking the streetcar made a violent jerk and turned, a fast turn and I fell to the front against that (upright) steel rod or bar." Thus, proof of the principal issue is not dependent on circumstantial evidence or alone on the fact of the occurrence of either the jerk and jolt or the plaintiff's fall and injury and therefore may not be "a true res ipsa loquitur case." Lukitsch v. St. Louis Public Service Co., 362 Mo. 1071, 1078, 246 S.W.2d 749, 752. Incidentally, the defendant had no knowledge of such an occurrence, if anyone was injured or there was an "occurrence," the streetcar operator had no knowledge of the fact. The plaintiff's principal instruction, in absolving the defendant, uses the word "occurrence," and the defendant's instruction says "from the mere fact of

the occurrence" and does not specify "the mere fact that the plaintiff, Mrs. Bertie E. Rittershouse, was *injured* by a fall upon defendant's street." Rittershouse v. City of Springfield, Mo., 319 S.W.2d 518, 520. In any event, in view of the precise description of the "occurrence," it is not readily apparent that the nature and extent of plaintiff's injuries would explain the occurrence or be an additional circumstance supporting the inference of the defendant's negligence. Grote v. Reed, Mo., 345 S.W. 2d 1. c. 101. Compare: Orris v. Chicago, R. I. & P. Ry. Co., 279 Mo. 1, 214 S.W. 124.

And again, instruction 6 simply says "from the mere fact of the occurrence," it does not say " 'the mere fact of itself that plaintiff slipped' " (Dill v. Dallas County Farmers' Exchange, Mo., 267 S. W.2d 677, 680), or, "the mere fact of itself that there was a fire" (Citizens Bank of Festus v. Missouri Natural Gas Co., supra [314 S.W.2d 714]), and thus by its terms the instruction does not exclude from the jury's consideration either the facts of the "occurrence" or any acts, omissions or circumstances "that may have caused the streetcar to jerk and jolt and injure plaintiff." The instruction is entirely abstract, it does not mention that plaintiff fell or was injured and except technically, as the word "occurrence" may be said to embrace all the circumstances, the instruction does not in point of fact exclude from the jury's consideration the speed, turning, or jerking and jolting of the streetcar or any inference to be drawn from the circumstances. Considering that the instructions may be read together without misunderstanding and that instruction 6 truly had to do with the burden of proof, it may not be said that it was confusing or that it withdrew anything from the jury's consideration, or, in short, in the circumstances of this case and solely because of the giving of the instruction, that plaintiff is entitled to a new trial. Harke v. Haase, supra; Lukitsch v. St. Louis Public Service Co., supra; Grote v. Reed, supra; Ste-

phens v. St. Louis Public Service Co., Mo., 276 S.W.2d 138, 142; Superior Ice & Coal Co. v. Belger Cartage Service, Inc., Mo., 337 S.W.2d 897, 907–908. And, in accordance with these views, the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.