**Cecil B. HOBBS and Doris Hobbs, Appellants,**

v.

**KANSAS CITY POWER & LIGHT COM·PANY, a Corporation, Respondent.**

No. 23804.

Kansas City Court of Appeals.

Missouri.

Feb. 3, 1964.

them in the partial destruction of their house and much of its contents by fire alleged to have been caused by the negligence of the defendant. The case was submitted on the theory of res ipsa loquitur. A nine-man jury returned a verdict for defendant. Plaintiffs have appealed from the judgment rendered thereon.

The gist of the petition in the case is that plaintiffs were customers of the defendant, which furnished electric service to plaintiffs in their home, and that disturbances occurred in the defendant's electrical appliances which would ordinarily not take place, and which directly caused the fire and damages pleaded. The defendant's answer, after challenging the sufficiency of the petition to state a cause of action, was in the nature of a specific denial of the allegations of negligence in plaintiffs' petition.

Inasmuch as the plaintiffs assign as their sole point of error matters of an abstract nature pertaining to defendant's Instruction 8, given in the case for the defendant, a detailed recitation of the voluminous evidence, largely of a technical or scientific character, is not essential to a determination of this appeal. As more fully stated hereinafter, the instruction dealt solely with the law pertaining to the right of a jury to presume negligence and with the propriety of cautionary directions relative to surmise, guesswork and speculations on the part of the jury. Plaintiffs concede that "under their presentation the facts are relatively unimportant" in this appeal.

The defendant, however, in its brief, first reviews at considerable length the mass of evidence, technical and otherwise, in support of its motion for a directed verdict made at the close of all the evidence, overruled by the court, but which defendant here argues should have been sustained. Notwithstanding the fact that the verdict and judgment were in its favor, the defendant submits and asserts as a part of its contention here that plaintiffs failed to make a submissible case for the jury. De-

Harold J. Toner, Kansas City, for appellants.

Joseph J. Kelly, Jr., William H. Woodson, Donald W. Giffin, Spencer, Fane, Britt & Browne, Kansas City, for respondent.

DEW, Special Commissioner.

The plaintiffs (appellants) sued defendant (respondent) for damages sustained by

fendant seeks to justify such inclusion on the ground that it explains why "the jury was left to speculate and conjecture concerning a matter upon which there was no substantial evidence". We do not believe the circumstances warrant a review of the submissibility of plaintiffs' case, not raised in their appeal and we shall confine the statement of the facts to such as we deem pertinent for purposes of identifying the general nature of the case and for a ruling on the abstract questions submitted by the plaintiffs for review.

In 1951 or 1952, plaintiffs, combining their own services with hired help, began the construction of their two-story house on their property near Lake Waukomis, Platte County, Missouri. They moved into it in April, 1954, although it was not yet completed. Temporary electrical service from defendant was arranged for purposes of construction. In the early part of 1954, they installed log siding on their house and engaged defendant to make permanent electrical connection to the east outside wall of the building to which plaintiffs could make connection for general service in the interior. Accordingly, defendant installed a meter socket outside at the place designated, furnished and installed therein an electric meter and connected therewith electric wires through to plaintiffs' fuse box inside, for indoor wiring. It was said that this was done under inspection required by the defendant of its employees. Under such arrangement the defendant continued to own, maintain, and to be responsible for the meter, meter socket and all power appliances and connections outside the house. All of the electric equipment inside of the house was owned and maintained by the plaintiffs and there was evidence that the same was installed in compliance with the electrical code. Plaintiffs' service came through the same transformer that served three neighboring houses considerable distances apart.

On February 10, 1955, at about 2:20 p. m., the plaintiffs left their home to go to their respective places of employment. The only electrical connections left on were the refrigerator, the furnace fan and the electric clock. The outside temperature was below zero. During the afternoon two of the three neighbors served by the same transformer were away from home and the third was asleep until near 6:30 p. m. A more distant neighbor said their electric clock stopped at 2:41 p. m., but that the power came on again at 5:30, went off again and at 6:00 came on "for good", except for momentary flickering. Another neighbor, one-eighth of a mile distant, saw arc flashings on the ice near plaintiffs' house and he later drove there and found the house on fire and the fire department on hand. Other persons arrived to see what the excitement was about. There was so much smoke in the house at that time that very little could be seen by anyone as to what part or how much of the interior had been charred, burned or totally destroyed. There was, however, an abundance of evidence, photographic, technical and scientific, as to where most of the burning took place, whether it appeared to have started at, near or remote from defendant's meter and meter socket or in the interior of the building. Plaintiff, Mrs. Hobbs, testified that she had had no trouble theretofore with the electricity in her home except occasional blinking of the lights.

In substance the principle issue of fact was whether the arcing in defendant's meter and meter socket on the outside east wall of the house started the fire and caused the damages to the interior of the house and to its contents, or whether the origin of the fire was within the house, damaging the same and contents and causing the arcing in defendant's meter and meter socket connected to the outside east wall.

As stated, plaintiffs' sole point of error is that the court erred in giving Instruction 8 at defendant's request. It read as follows:

"The Court instructs the jury that negligence is not in law presumed,

but must be established by proof as explained in other instructions.

"Neither are you permitted to base a verdict entirely and exclusively upon mere surmise, guess work and speculations; and if upon the whole evidence in the case, fairly considered, you are not able to make a finding that defendant was liable without resorting to surmise, guess work and speculation outside of and beyond the scope of the evidence, and the reasonable inferences deducible therefrom, then it is your duty to, and you must, return a verdict for defendant."

Under their first point of error in the giving of Instruction 8 in a res ipsa loquitur case, plaintiffs assert generally that in the first paragraph thereof the jury is told that "negligence is not in law presumed" and in the second paragraph the jury is advised that "neither are you permitted to base a verdict entirely and exclusively upon mere surmise, guess work and speculation", etc., whereas, it is urged, such action of the court was either error as a matter of law or was an abuse of discretion. Plaintiffs subdivide their reasons for the above contention into seven subassignments, the first four of which may be considered together, in which they maintain, in effect, that each paragraph of the instruction is confusing and misleading, and that the first paragraph is a positive misdirection of the law.

■ It is insisted by plaintiffs that to tell the jury in a res ipsa loquitur case that negligence may not be presumed, and yet, that they may not, in their deliberations, "go outside of and beyond the scope of the evidence (and reasonable inferences therefrom)" is, in view of the history of the law in such cases, either confusing and misleading to the jury or is an abuse of the court's discretion.

It is obvious that plaintiffs' quotation of the part of the first paragraph of Instruction 8 objected to is incomplete and the instruction was therefore not considered in its entirety as required by law. Burgess v. Kansas City, Mo.App., 242 S.W.2d 591; Mueller v. Schien, 352 Mo. 180, 176 S.W.2d 449; Perry v. Stockhoff Supply Co. et al., Mo., 356 S.W.2d 92, 95. The language omitted and which modified the statement quoted was "but must be established *by proof as explained in other instructions*". (Italics supplied). In other words, considering the instruction in its entirety and together with other pertinent instructions given in the case (hereinafter noted), the court was advising the jury that the ultimate issue of defendant's negligence could not be presumed but must be determined upon all of the evidence in the case as explained in other instructions.

That such was the meaning of the first paragraph of Instruction 8 cannot well be disputed by the plaintiffs. Instruction 1, given at their request, told the jury, in part, that if they "found and believed from the evidence that on February 10, 1955, there was an electrical arc in said meter or meter socket and as a direct and proximate result thereof" excessive current was caused or permitted to flow or go into plaintiffs' cable between the meter socket and the base or back of plaintiffs' fuse box and thereby overheat the cable and fuse box, and "* * * that as a direct result thereof a fire was caused or ignited which damaged the house and contents, and * * * that the meter, meter socket and all other electric equipment owned by the Power Company were under its sole care and control, and * * * that such electrical arc did cause or permit excessive electrical current to flow into or go into plaintiffs' cable and fuse box and was an occurrence unusual and out of the ordinary course of events in supplying electricity to houses, then you may infer that such electrical arc was caused by the failure of the defendant Power Company to use and exercise the highest degree of care in installing and maintaining the meter, meter socket and electrical appliances owned by it, and if you find from all of the evidence that de-

fendant did fail to use a very high degree of care in installing and maintaining said meter * * *, then the defendant Power Company was negligent, *and if you find* that such negligence of the defendant, if any, directly caused or ignited the fire in plaintiffs' house and contents, if so, then your verdict should be in favor of plaintiffs and against the defendant". (Italics supplied).

Furthermore, Instruction 4, given at plaintiffs' request, stated: "You are further instructed that the court does not mean to assume as true or establish any of the matters mentioned or referred to in the instructions, *but leaves to you to determine from the evidence whether or not such matters have been established as facts by the evidence*". (Italics supplied). Thus, at plaintiffs' instance the jury was repeatedly advised that the facts necessary to constitute an inference of negligence in the case as specifically set out in plaintiffs' instructions, must be determined by the jury on the evidence. Instruction 8, in substance, simply told the jury that they could not presume or infer negligence except upon proof as explained in other instructions.

Again, Instruction 5, given at plaintiffs' request, after the giving of Instruction 8, informed the jury that if they found by the greater weight of the testimony that the facts submitted by them in Instruction 1, were true, then plaintiffs had sustained their burden of proof; that the burden of proof of negligence need not be sustained solely by direct and specific testimony, but may be inferred by the jury from the *facts and circumstances in evidence* "which the jury may believe to be true *unless the jury finds from the evidence that the defendant was not negligent*". (Italics supplied). Thus, again, plaintiffs seem to concede that regardless of the right to infer negligence in their prima facie case upon the establishment of the facts enumerated in their Instruction 1, the jury was required to de-

termine the ultimate fact of defendant's negligence from *all* the evidence.

Plaintiffs cite and rely strongly upon the case of McCloskey v. Koplar et al., 329 Mo. 527, 46 S.W.2d 557, 92 A.L.R. 641, en Banc. In that case the court had under consideration an instruction in a res ipsa case which charged the defendant with the burden of proof by a preponderance of the evidence. It was ruled that only the burden of evidence was shifted and that the burden of proof rested with the plaintiff throughout the trial. In the course of the decision the court said that in such cases the plaintiff, by showing certain facts, makes a prima facie case which raises an inference or a prima facie presumption of defendant's negligence in some way.

In Harke v. Haase, 335 Mo. 1104, 75 S.W.2d 1001, Div. 1, the court considered two instructions in a res ipsa case, one offered by the plaintiff and one by defendant. The plaintiff's instruction submitted certain facts, which, if found to be true, were declared to raise the presumption of negligence on defendant's part, and the burden of proof was cast upon defendant to overcome such presumption. Upon the authority of McCloskey v. Koplar, supra, the court ruled the instruction improper in a res ipsa case as erroneously shifting the burden of proof upon the defendant. The court also ruled defendant's instruction misleading because it declared that the jury had no right "to presume negligence, nor to speculate upon the facts, and if the evidence does not preponderate in favor of the plaintiff, then your verdict should be for the defendant". As to the latter language the court then said that in a res ipsa case the jury did have a right to presume (infer) negligence from the facts shown in plaintiff's evidence.

However, the Supreme Court, Div. 1, in West v. St. Louis Public Service Co., Mo., 236 S.W.2d 308, a res ipsa loquitur case, had before it the exact instruction with.

which we are here concerned. The same language was omitted in that appeal as in the instant case. The court there reiterated the rule requiring a criticism of an instruction to be determined by considering the instruction in its entirety and not by isolated words and phrases, and only in conjunction with other instructions given in the case. At page 312 of 236 S.W.2d, the court said the instruction had this meaning:

"Negligence is not a presumption of law but it must be proved as explained in other instructions. If, upon all the evidence in the case, including reasonable inferences to be drawn therefrom, the jury is unable to make a finding that defendant is liable, they are not permitted to go outside of and beyond the scope of the evidence and reasonable inferences drawn therefrom, and base a verdict for plaintiff entirely and exclusively upon mere surmise, guess work and speculation. If this is the meaning of the instruction (and we think it is), it is a correct statement of the law, in abstract form, and it is not in conflict with the principles stated by this Court in Harke v. Haase, supra.

"We do not think that the instruction is reasonably susceptible of the meaning that the jury was not entitled to * * * surmise or speculate upon the *facts in evidence* in the process of drawing reasonable inferences therefrom. If the instruction had such meaning, it would come within the condemnation of Harke v. Haase, supra, and Tabler v. Perry, 337 Mo. 154, 85 S.W.2d 471, 479".

The court, while noting that it did not commend the form of the instruction under consideration, declined to construe it, when read in conjunction with the other instructions in the case, as confusing or misleading to the jury.

In the more recent opinion by the same court and same division in Grote v. Reed, Mo., 345 S.W.2d 96, the identical instruction as to presumption of negligence was considered in a res ipsa loquitur case. Citing with approval the West case, supra, the court said that "the other instructions" referred to therein would reasonably be considered by the jury as referring to the plaintiff's main instruction, setting forth the facts which the plaintiff therein was required to prove in order to find negligence on defendant's part, and that the jury would not have been confused or misled by the phrase in question. Regarding the remainder of the instruction pertaining to surmise, guesswork and speculation, the court, upon the authority of the West case, supra, overruled the contention that such direction was contradictory or prejudicial.

It is also significant at this point that upon plaintiffs' objection to Instruction 8, the trial court herein allowed Instruction 4 at plaintiffs' request wherein the court told the jury that it did not "assume as true or established any of the matters mentioned" in the other instructions "but leaves to you to determine from the evidence whether or not such matters have been established as facts by the evidence".

■ Plaintiffs next insist that if defendant was entitled to the second paragraph of Instruction 8 in a res ipsa case, then it should have been submitted to the court "in a motion to dismiss (as a law question) and not to the jury (as a fact question)". The argument is that the question as to when the facts in a case prohibited a judgment for the plaintiffs because of the "new rule" against piling inference upon inference, should be determined as a matter of law by the court and not left to the jury under contradictory and conflicting instructions. As a matter of fact the defendant did present the matter to the court as a matter of law in its motion for a directed verdict at the close of the evidence. In that motion the defendant submitted that "there is no evidence, or no sufficient evidence, even with the reasonable inferences therefrom, if any, that * * * the defendant's electrical

wires, appliances, * * *, directly and proximately caused the fire in question and plaintiffs' damages * * *"; that "as a matter of law under the evidence and the reasonable inferences therefrom, if any, the fire in question and plaintiffs' damages, if any, were not directly and proximately caused by electric current, sparks * * * discharged by defendant's electrical wires * * *"; that "there is no evidence, or no sufficient evidence, even with the reasonable inferences therefrom, if any, * *" that on the day of the fire "defendant carelessly and negligently caused, suffered or permitted its electrical wires, appliances * * * to emit or discharge electric current, sparks, fire or flames at plaintiffs' premises * * *"; that "there is no evidence, or no sufficient evidence, even with the reasonable inferences therefrom, if any, that defendant directly and proximately caused * * * or permitted any electrical wires, appliances, * * * to emit and discharge electric current, sparks * * *" at plaintiffs' premises nor that plaintiffs' real and personal property * * * was directly and proximately caused to be destroyed or damaged by any carelessness or negligence of the defendant, etc., and that the jury was unable to determine the cause of the fire without resort to guesswork and speculation. Granting that the sufficiency and correctness of any of the evidence became a matter of law to be first determined by the court, we deem the defendant's motion for a directed verdict at the close of all the evidence on the grounds therein stated to have satisfied that requirement. The point is overruled.

Plaintiffs next maintain that the court abused its discretion in the giving of Instruction 8 because the court erroneously believed that although the same or similar instructions had been criticized by some of the appellate courts, the trial courts, nevertheless, should continue to allow the same in cases until a ruling has been made that such an instruction is reversible; and that the court further erroneously believed that defendant, which asked for it, would

have the burden of upholding the giving of it.

The plaintiffs call attention in their brief to a memorandum opinion dictated by the trial judge into the record of the instant case when ruling upon plaintiffs' motion for a new trial. In it the judge stated that prior to giving Instruction 8, he had examined a memorandum brief filed with the court in anticipation of the giving of that instruction, and that the language contained in that instruction had been criticized by appellate courts; that the court had inquired of counsel if any appellate courts had held such instruction prejudicial and that no case had been called to the court's attention which ruled the same as a ground for reversal. The memorandum of the judge further stated that he had called to the attention of defendant's counsel the fact that the language of such instruction was often preliminary to a reversal of the case, but that the court would give Instruction 8 as required by defendant, but defendant would have to carry the burden of convincing the appellate court that there was no error in giving it. The memorandum further stated that thereupon plaintiffs offered Instruction 5, which was given; that the attorneys were unable to point out at the hearing of the motion for new trial a single case wherein the giving of an instruction similar to Instruction 8 was held prejudicial error and a ground for a new trial.

■ Thus, it is argued, the trial judge in fact exercised no discretion at all in the giving of Instruction 8. In such event, it is asserted, the reluctance of an appellate court to disturb the exercise of sound discretion by the trial judge, should not here obtain. It is our opinion, however, that the trial court not only exercised its sound discretion in the giving of Instruction 8, but in no way abused that prerogative, as evident from its explanatory memorandum. See Gardner v. Turk, 343 Mo. 899, 123 S.W.2d 158, 161; LeGrand v. U-Drive-It Co., Mo., 247 S.W.2d 706, 711; Paige v.

Missouri Pacific R. Co. et al., Mo., 323 S.W.2d 753; Grote v. Reed, supra.

As a final ground assigned under plaintiffs' Point I, repetitious in subject matter, it is suggested that this is a logical case for reversal for the giving of Instruction 8 because of the repeated criticisms of the same or similar language by the appellate courts; that the defendant was duly warned of the plaintiffs' contention regarding it; that the court erroneously believed that the defendant would have the burden of convincing the appellate court of its correctness and that the court failed to exercise any discretion in giving it. These points, of course, have been raised and ruled upon in this opinion. We find no justification for their further review

Plaintiffs' Point II is that if the giving of Instruction 8 was not an error as a matter of law, the court abused its discretion in giving it in view of the fact that said instruction, and Instructions 6 and 7, all directed verdicts for defendant on abstract statements of law. It is urged that the cumulative effect was improper and was so called to the attention of the court at the trial.

Defendant's Instruction 6 was verdict-directing and was practically a converse of plaintiffs' Instruction 1. Defendant's Instruction 7 placed the burden of proof on plaintiffs, telling the jury such could not be sustained by the mere fact of the occurrence shown by plaintiffs' evidence, but that if upon all the evidence in the case the jury found defendant not negligent, their verdict should be for the defendant. In view of the inferences allowed in plaintiffs' prima facie case under their Instruction 1, we deem it not an abuse of discretion for the court to give the two cautionary instructions without restating all of the salient facts relied upon.

In support of their Point II, plaintiffs cite only the case of Dill v. Dallas County Farmers' Exchange No. 177, Mo., 267 S.W.2d 677, 680. The instruction considered in that case specifically singled out the fact that "plaintiff slipped on floor and has brought suit claiming defendant was negligent", advising the jury that such mere facts were no evidence that defendant was negligent. The instruction thereupon continued in the same language as we find in Instruction 8 at bar. The court there, at page 680, held that the facts excluded were some evidence of the ultimate liability and said: "It is true that the giving or refusing of cautionary instructions is largely within the discretion of the trial court. But, mere abstract statements of law do not make proper verdict-directing instructions. It is noted that defendant's Instructions Nos. 4, 5 and 6 were all three verdict-directing instructions". The court in that case was considering an instruction containing a fact element not contained in Instruction 8, in the instant case, namely, the determination of a material fact tending in and of itself to prove negligence. The court ruled that the facts excluded were some evidence of liability to be considered. The court's mere reference to the fact that there were two other verdict-directing instructions cannot be construed as a ruling that in no case may more than one or even two or more cautionary instructions be given on abstract statements of the law, without setting forth all of the essential facts in the case. The same court, in the later case of Grote v. Reed, supra, 345 S.W.2d at page 101, said: "However, it is elementary that burden of proof instructions and certain other cautionary instructions * * * which relate to matters concerning the proof are not required to hypothesize facts even though they direct a verdict. An attempt to hypothesize facts in that type of instruction would frequently be cumbersome and often confusing to the jury". We hold that the court in the case at bar did not abuse its discretion in giving Instruction 8 because of the giving of defendant's two cautionary Instructions 6 and 7.

Since we find no error in the trial of the case materially affecting the merits, the

judgment of the trial court should be affirmed. The Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion of DEW, Special Commissioner, is adopted as the opinion of the Court.

All concur.