Roy C. MUSGRAVES, (Plaintiff) Appellant,

v.

NATIONAL DAIRY PRODUCTS CORPORATION and Donald E. Norman, (Defendants) Respondents.

No. 51338.

Supreme Court of Missouri, Division No. 1.

March 14, 1966.

Benjamin J. Francka, Springfield, for plaintiff-appellant.

Allen, Woolsey & Fisher, Harold J. Fisher, Russell G. Clark, Springfield, for defendants-respondents.

HOLMAN, Presiding Judge.

In this action plaintiff sued National Dairy Products Corporation and its employee, Donald E. Norman, in an effort to recover damages for personal injuries in the sum of $75,000. He was injured in the manner hereinafter described while working in National's Springfield, Missouri plant. The trial resulted in a verdict for defendants. Plaintiff has appealed and here contends that the trial court erred in giving Instructions 11 and 12 at the request of defendants.

The defendant, National, operated what was known as the Kraft Plant in Springfield, Missouri. On February 22, 1962, defendant Donald E. Norman was an employee of National. On that date and for some time prior thereto certain construction work was in progress at the Kraft plant while operations continued therein. Plaintiff was employed by the AAA Electrical Contractors and Engineers Company as an electrical construction worker and had been working at the Kraft plant for several weeks. On the date mentioned he and two other electrical workers entered the building through the east door at about 8 o'clock a. m. Plaintiff was walking through the corridor in a westerly direction with Ralph Van Winkle on his right side and Clifford Bower on his left. At about that time defendant Norman started driving a tractor

pulling a train of about six small empty carts. He proceeded toward the east in the corridor in question, turned slightly to his right and then back to his left, making a complete U-turn so that his train was headed back toward the west. As the tractor was completing the turn it passed plaintiff and his two companions. Shortly after completing the U-turn the last cart of the train struck plaintiff and inflicted certain injuries to his right leg and left knee, the extent of which will not be stated here because not material to the issues on this appeal.

Plaintiff testified that he and his companions were standing still as the train passed and that he was from ten to twelve feet from the tractor when it passed him; that the tractor speeded up in making the turn and the rear cart evidently "whipped out" and hit him; that he had seen the carts "whip" many times before but "had not seen them whip that much."

Clifford Bower testified that as the carts approached them the back cart was not tracking; that it was whipping back and forth in a manner he described as "fish-tailing." He stated that the rear cart was moving three or four feet closer to them than the other carts.

Ralph Van Winkle testified that he was walking on plaintiff's right; that he was even with plaintiff but Bower was three or four steps back; that he saw the rear cart when it was about eight or ten feet away and stepped back about four feet; that it "whipped out" toward them and he started to warn plaintiff, but plaintiff was hit before he could "holler"; that he had seen the carts whip before but never as much as occurred on that occasion; that the rear cart moved from one to one and one-half feet out of line.

Another construction worker, Loren Thomas, Jr., stated that he was standing about thirty feet to plaintiff's right; that the tractor was going at "a pretty rapid pace" and just before the rear cart reached

plaintiff it seemed to be sliding slightly toward plaintiff; that it slid probably a foot out of the normal path of the train.

Defendant Norman testified on behalf of the defendants, but we will not state his testimony as we do not consider such is necessary in order to determine the issues presented upon this appeal.

Plaintiff's case was submitted under the res ipsa loquitur doctrine. His main instruction authorized a verdict for plaintiff in the following manner: " * * * if you further find that defendants while in control of and pulling said cart caused and permitted said cart to suddenly leave its accustomed path of travel, swing out, and strike the plaintiff as it was being pulled past the plaintiff, if you so find, then you are instructed that such facts (if you believe them to be true) are sufficient circumstantial evidence to warrant a finding by you that the defendants were negligent, and you may so find, unless you find and believe from other facts and circumstances in evidence that the occurrence was not due to the defendants' negligence * * *."

We will first consider plaintiff's contention that the burden of proof instruction (No. 11) was prejudicially erroneous because of the following portion thereof: "If you find and believe from all the credible evidence in the case that the defendants were not negligent, you should not find that they were negligent from only the fact of the occurrence shown by the plaintiff's evidence." While the quoted language complained of does not contain the word "mere" the parties have assumed that the instruction under consideration comes within the broad classification of "mere fact" instructions hereinafter discussed.

■ It is obvious that all so-called "mere fact" instructions cannot be included in one general classification and approved or condemned as such. Whether the giving of such an instruction constitutes reversible error depends upon the wording thereof and the facts of the particular case. Most of

said instructions discussed in the cases we have considered contain a sentence such as the one in Grote v. Reed, Mo.Sup., 345 S.W.2d 96, 97, i. e., " 'The court instructs the jury that the mere fact of itself that plaintiff was injured and has brought suit claiming defendant was negligent is no evidence whatever that the defendant was in fact negligent.' " We reviewed many of those cases in Grote and emphasized the importance of the precise words used and facts involved in determining whether such instructions were prejudicially erroneous. We think the instruction in the case at bar is clearly distinguishable from the "no evidence whatever" type of instruction involved in Grote and the cases discussed therein.

In Goldblatt v. St. Louis Public Service Co., Mo.Sup., 351 S.W.2d 773, 774, an instruction was held not to be reversibly erroneous which contained the following language: " 'You should not find that the defendant was negligent *from the mere fact of the occurrence* shown by the plaintiff's evidence, if you find and believe from all the evidence in the case that the defendant was not negligent, and if you do find and believe from all the evidence in the case that the defendant was not negligent, then your verdict should be in favor of the defendant.' " Although we think the instruction before us is preferable to that in Goldblatt it is obvious that they are somewhat similar.

■ While plaintiff's brief does not discuss the Goldblatt case we infer that he contends that that case, and all other res ipsa cases in which "mere fact" instructions have been held not to constitute prejudicial error, were prospectively overruled in Wise v. St. Louis Public Service Co., Mo.Sup., 357 S.W.2d 902. It is true that the author of the principal opinion in Wise attempted to declare a judicial policy in this state to the effect that so-called "mere fact" instructions should be eliminated from our practice. However, that opinion had only the full concurrence of its author and two other judges—the other four judges concurring only in the result. It obviously was not authoritative except as to the result reached therein and could not have overruled any prior decisions. It should also be noted that the Wise opinion concedes that when the instruction in Goldblatt is considered in its entirety it is not a misstatement of law.

■ We are unable to find anything that could be considered prejudicial in the portion of Instruction 11 of which plaintiff complains. It is not inconsistent with plaintiff's submission. It will be noted that Instruction 5 hypothesized certain facts and directed that "such facts (if you believe them to be true) are sufficient circumstantial evidence to warrant a finding by you that the defendants were negligent, and you may so find, unless you find and believe from other facts and circumstances in evidence that the occurrence was not due to the defendants' negligence." Number 11, on the other hand, merely tells the jury that if it finds from all the evidence that defendants were not negligent it should not find that they were negligent "from only the fact of the occurrence." That is not a misstatement of law and should not have been confusing to the jury. Upon the authority of Goldblatt (and considering the more desirable wording of the instant instruction) we rule that the giving of Instruction 11 was not error.

The remaining contention is that the court erred in giving Instruction 12 which directed a verdict for defendants upon a finding of contributory negligence based upon the following hypothesized facts: " * * * and if you further find that he took a position in close proximity to the path being followed by the carts as they were being drawn by the tractor, if you so find, and if you further find that plaintiff, Roy C. Musgraves, knew or should have known that his position was in such close proximity to the path being followed by the tractor and carts that he was likely to be struck by the carts, if you so find, and if

you further find that plaintiff, Roy C. Musgraves, could and should have moved to a point of safety but failed so to do * * *."

Plaintiff says the instruction hypothesized and assumed facts not in evidence. We do not agree. The facts stated were all supported by the testimony. Mr. Van Winkle testified that the rear cart moved from one to one and one-half feet "out of track." Witness Thomas stated that the cart probably slid a foot out of line. It is admitted that the cart struck plaintiff. It would therefore appear that the jury reasonably could have found that plaintiff was standing one foot from the line of carts. Plaintiff had seen the carts "whip" on other occasions. The jury therefore could reasonably have found that he should have known that a position one foot from the carts was in such close proximity that he was likely to be struck by the rear cart and that he could have stepped back to a place of safety. While there may not have been any specific testimony that plaintiff could have stepped back it does appear that he was in control of his faculties and was watching the process of making the U-turn. We think that was sufficient circumstantial evidence to support such a finding. In that connection it should be noted that Mr. Van Winkle saw the movement of the cart and was able to step to a place of safety.

We rule that the instruction was supported by the evidence and that the court did not err in giving it.

Defendants have briefed the alternative contention that plaintiff did not make a submissible case and therefore the judgment should, in any event, be affirmed. Since we have held that the court did not err in giving Instructions 11 and 12, we need not consider the defendants' alternative contention.

The judgment is affirmed.

All concur.